# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Action No: 7:15-cr-00850-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Arecio Suazo-Molina, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on *pro se* Defendant Arecio Suazo-Molina's Motion for Reconsideration (ECF No. 121) of the Order and Opinion ("Order") denying Defendant's Motions to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 118.) Defendant requests that the court reconsider and withdraw its Order on the basis that the court erred by failing to remand his case back to District Court to hold an evidentiary hearing relating to the claim that defense counsel failed to request the Fast Track Program and for the Residential Drug Abuse Program ("RDAP"). For the reasons set forth herein, the court **DENIES** Defendant's Motion for Reconsideration. (ECF No. 121.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2015, a federal grand jury returned a two-count indictment against Defendant and one co-defendant for conspiracy to possess with intent to distribute, and to distribute a mixture or substance containing a detectible amount of methamphetamine, a Schedule II substance. (ECF No. 2.) On March 14, 2016, Defendant pled guilty, without a plea agreement, to conspiring to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine. (ECF No. 47.) On June 8, 2016, the court

1

sentenced Defendant to 57 months imprisonment. (ECF No. 53.) He did not appeal his conviction or sentence. On December 27, 2016, Defendant filed his first motion seeking relief pursuant to 28 U.S.C. § 2255, largely arguing his dissatisfaction with the length of his sentence. (*See* ECF No. 85.) On January 25, 2017, the United States of America ("Government") filed its response to Defendant's § 2255 Motion stating that Defendant's disconnect with the length of his sentence does not justify relief, his failure to appeal his sentence constitutes a waiver of his claims, and he cannot show his lawyer was ineffective. (ECF No. 88.) On February 13, 2017, Defendant filed a response to the Government's Motion for Summary Judgment, asserting for the first time that the court intended for Defendant to receive the benefit of the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"); that he was denied access to the RDAP because the facility in which he was currently housed did not administer the RDAP; and his denial of admission to the RDAP had the consequence of lengthening his sentence one year because he was unable to receive the reduction for attending the RDAP. (ECF No. 95.)

On March 15, 2017, Defendant filed another § 2255 petition, which he styled as an "Amended" Motion under 28 U.S.C. § 2255. (ECF No. 99.) On March 29, 2017, the Government filed another response in opposition (ECF No. 101), and filed a second Motion for Summary Judgment (ECF No. 102). On April 12, 2018, the court issued an Order denying Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 118.) On May 7, 2018, Defendant filed a Motion for Reconsideration (ECF No. 121.)

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure have no provisions governing motions for reconsideration. However, the rules and federal case law do recognize such motions can be proper

in a criminal setting. *See* Fed. R. Crim. P. 57(b);[1] *U.S v. Dieter,* 429 U.S. 6, 8 (1979);[2] *U.S. v. Randall,* 666 F.3d 1238, 1241 (10th Cir. 2011).[3] The court then looks to the Federal Rules of Civil Procedure for guidance. A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows (1) an intervening change in the controlling law; (2) new evidence that was not previously available; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). However, Rule 59(e) motions cannot be used as opportunities to rehash issues already ruled upon because the litigant is displeased with the result. *See Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir. 1993);[4] *Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works L.L.C.,* 2007 WL 2021901 (E.D. Va. July 6, 2007).[5]

### III. ANALYSIS

"In order to support a motion for reconsideration, the movant is obliged to show not only that … the evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered or produced such evidence at the hearing. Therefore, evidence brought to the court's attention which was available to the movant prior to an entry of judgment is not a basis for granting a motion for reconsideration as a matter of law. It is within the sole discretion of the court as to whether the granting of a motion to reconsider is

---

[1] "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."
[2] "The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."
[3] "Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, 'motions to reconsider in criminal prosecutions are proper.'" (citing *United States v. Rollins,* 607 F.3d 500, 502 (7th Cir. 2010).
[4] "[M]ere disagreement does not support a Rule 59(e) motion."
[5] "A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted."

appropriate. A motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the court rethink what the court has already thought through—rightly or wrongly." *U.S v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997). Therefore, the court finds that Defendant's arguments in his Motion for Reconsideration are simply a reiteration of points he previously argued in his Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 118.) Motions to reconsider cannot be used as opportunities to rehash issues already ruled upon because the litigant is displeased with the result. *See also Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir. 1993). The court noted Defendant's arguments when denying Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, holding that (1) Defendant was not eligible to enter the "fast track" program in South Carolina, (2) relief pursuant to 28 U.S.C. § 2255 was not applicable because Defendant's sentence of 57 months imprisonment did not exceed the maximum statutory penalty applicable to his case, and (3) nowhere in the court's judgment did it indicate that it wished the BOP to consider Defendant for the RDAP. (ECF No. 118.)

### IV. CONCLUSION

Upon careful consideration of Defendant's arguments, and for the reasons set forth above, the court hereby **DENIES** the Motion for Reconsideration (ECF No. 121) of Defendant Arecio Suazo-Molina.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 15, 2018
Columbia, South Carolina

4